# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:17-CR-00134-FDW-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| SHAMON MONAIR GOINS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence and Appoint Counsel. (Doc. No. 3541.) For the reasons set forth below, the Court will **DENY WITHOUT PREJUDICE** Defendant's Motion to Reduce Sentence and Appoint Counsel.[1]

Section 3582(c)(2) of Title 18 of the United States Code allows a court to reduce a defendant's sentence based on a guideline range that "has been" subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Here, Defendant anticipates a proposed amendment concerning the Court's consideration of "acquitted conduct" may reduce his guideline range and sentence. (Doc. No. 3541, p. 1.) Without any legal authority, he asks the Court to apply the potential amendment to reduce his sentence.

In December 2023, the United States Sentencing Commission announced a potential change to the Sentencing Guidelines concerning the use of "acquitted conduct" to determine a defendant's sentence. United States Sent'g Comm'n, Proposed Amendments to the Sentencing Guidelines (Dec. 26, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-

---

[1] It is well-settled that "a criminal defendant has no right to counsel beyond his first appeal." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991)). "Though in some exceptional cases due process does mandate appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." Id. at 730 (internal citation omitted); see also In re: Appointment of Counsel for Motions for a Sentence Reduction Pursuant to the First Step Act, 3:21-mc-228 (W.D.N.C. Dec. 16, 2021) (emphasizing appointment of counsel is not authorized for "motions for sentence reduction or release under 18 U.S.C. § 3582(c)").

1

process/reader-friendly-amendments/20231221_rf-proposed.pdf. The proposed amendment offers several approaches to a court's consideration of "acquitted conduct" at sentencing, and the public comment period concerning the Commission's proposal remains open. Id. Defendant's motion is premature pending the drafting and enactment of the proposed amendment and a determination of whether any amendment will be retroactive. The Court will deny the instant motion without prejudice to Defendant's ability to file a renewed motion if and when the law upon which Defendant seeks to rely takes effect.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence and Appoint Counsel, (Doc. No. 3541), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 6, 2024

Frank D. Whitney
United States District Judge